Aurileida DE BRASI, Plaintiff–Appellant,

v.

PLAZA HOTEL, AFL–CIO Local 6 / Local 153, Defendants–Appellees.

No. 05–3478–CV.

United States Court of Appeals, Second Circuit.

Dec. 21, 2005.

Aurileida De Brasi, Guttenberg, N.J. for Plaintiff–Appellant, (pro se).

Lois M Traub, New York, N.Y., for Defendant–Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

In September 2003, Appellant Aurileida De Brasi ("De Brasi") brought suit against her employer, the Plaza Hotel, and against her union, the AFL–CIO Union Local

6/Local 153, alleging, *inter alia,* sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. The district court (Preska, *J.*) entered summary judgment against her on all claims, which De Brasi now appeals. We presume that the parties are familiar with the facts, procedural history, and scope of issues on appeal.

As an initial matter, the district court held that, because Title VII's statute of limitations required that allegations of discrimination be filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the putatively unlawful employment action, only those allegations which satisfied that requirement—*i.e.,* employment actions that occurred after October 30, 2001—were properly before the court. The district court then found that two of the incidents that De Brasi had properly alleged did not constitute discriminatory conduct cognizable under Title VII. *See Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75, 80, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998). And, with respect to several others, the court concluded that the incidents either had been "isolated or episodic" or lacked record evidence.

We affirm the judgment of the district court for substantially the reasons given in its careful decision.

We have considered all of Appellant's claims and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.